**Raymond KOLMAN, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

No. 03–3211.

United States Court of Appeals, Federal Circuit.

DECIDED: Jan. 12, 2004.

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

## DECISION

PER CURIAM.

Raymond Kolman petitions for review of the final decision of the Merit Systems Protection Board ("Board") that denied his request for corrective action with respect to a personnel action allegedly taken in retaliation for whistleblowing disclosures. *Kolman v. Dep't of Transp.*, No. CH–1221–02–0698–W–1 (M.S.P.B. Feb. 27, 2003). We affirm.

## DISCUSSION

### I.

Mr. Kolman is employed as an Air Traffic Control Specialist with the Department of Transportation, Federal Aviation Administration ("FAA" or "agency"), in Cleveland, Ohio. Effective February 17, 2002, the FAA suspended him for eleven days for (1) providing a false statement during the investigation that led to his suspension, by denying he placed holiday ornaments in the workplace in sexually explicit positions; (2) engaging in "unbecoming conduct" by placing the ornaments in sexually explicit positions; and (3) failing to render "full and industrious service" by engaging in these unauthorized activities during the workday.

Subsequent to his suspension, Mr. Kolman filed a request for corrective action with the Office of Special Counsel ("OSC"). In his request, Mr. Kolman claimed that he was suspended in retaliation for his having made a whistleblowing disclosure. He alleged that in a letter dated March 23, 2002, he disclosed to Jane Garvey, FAA Administrator, that Carrie–Anne Drye, his supervisor, had used her computer at work to enter into his "personal adult web page" at home and that, based on the information she obtained, she had initiated the investigation that led to his suspension. Mr. Kolman also alleged that he had made a similar disclosure to an FAA special agent. Among other things, as corrective action, Mr. Kolman requested that his suspension be voided and that he be granted appropriate ancillary relief. By letter dated June 10, 2002, OSC informed Mr. Kolman that it was closing its investigation into his whistleblowing allegations. Mr. Kolman thereafter appealed OSC's action to the Board.

Retaliation for whistleblowing disclosures is prohibited by 5 U.S.C. § 2302(b)(8) (2000). We have held that an employee alleging a violation of section 2302(b)(8) through a retaliatory personnel action must establish (1) that the acting official had the authority to take the personnel action; (2) that the employee made a disclosure protected under section 2302(b)(8); (3) that the acting official used his or her authority to take the personnel action against the employee; and (4) that the acting official took the personnel action because of the protected disclosure. *Lachance v. White*, 174 F.3d 1378, 1380 (Fed. Cir.1999). We have stated that the Whistleblower Protection Act was established to protect employees "who go above and beyond the call of duty and report infractions of law that are hidden." *Huffman v. Office of Pers. Mgmt.*, 263 F.3d 1341, 1353 (Fed.Cir.2001).

Before the Board, Mr. Kolman waived his right to a hearing on whether he had made a disclosure protected under section 2302(b)(8), and the issue was decided by the administrative judge ("AJ") on the documentary record. A protected disclosure is one that evidences "gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety...." 5 U.S.C. § 2302(b)(8)(A)(ii). The AJ determined that Mr. Kolman had not made such a disclosure, stating:

> When agency officials became aware the appellant was soliciting agency employees to view material on his adult web page, they quite naturally viewed the web page in an attempt to evaluate the nature of the appellant's conduct. The appellant therefore brought the issue of his web site into the workplace himself and the agency's action in response constituted a normal work-related duty. For this reason and because the agency's action in accessing the appellant's web site was not hidden, the appellant's disclosure of that activity did not constitute a whistleblowing disclosure.

The AJ also rejected Mr. Kolman's argument that, regardless of the propriety of Ms. Drye's action, he reasonably believed agency officials were not authorized to view his website. Pointing out that Mr. Kolman had himself authorized the recipients of his message regarding the web site to forward the link to "anyone you feel will enjoy this type of humor," the AJ found that "[a] reasonable person would not believe agency supervisors were necessarily excluded from that open-ended invitation."

Having determined that Mr. Kolman had not established that he had made a protected whistleblowing disclosure, the AJ denied the request for corrective action in an initial decision dated January 23, 2003. Pursuant to 5 C.F.R. § 1201.113 (2003), the AJ's initial decision became the final decision of the Board on February 27, 2003, after Mr. Kolman failed to file a petition for review. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); see Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed.Cir.1998). The decision of the Board in this case is none of these.

On appeal, Mr. Kolman argues that his communication to the FAA Administrator and his similar communication to the FAA special agent were protected whistleblowing disclosures. Mr. Kolman asserts that he disclosed: (1) a violation of the agency's rules in that the FAA used a government computer to access his private adult website; (2) an abuse of authority by the agency in that the FAA used a government computer to access his private, adult website without permission to conduct its investigation and then used the information it obtained against him; and (3) a violation of federal statutes relating to electronic surveillance. In addition, as he did before the Board, Mr. Kolman contends that he reasonably believed agency officials were not authorized to view his website, even if in fact their actions were not contrary to law. Accordingly, he asserts, his disclosures to the FAA Administrator and the FAA special agent were protected.

Contrary to Mr. Kolman's arguments, we see no error in the Board's decision. Quite simply, Mr. Kolman is arguing that he could engage in improper workplace activity, and then assert that he made a protected disclosure when he complained about the agency properly investigating that activity by accessing his website, which showed holiday ornaments arranged in sexually explicit positions, and which he himself had invited co-workers to view. Very sensibly, the Board denied Mr. Kolman's invitation to turn the whistleblowing statute on its head. Likewise, the Board used common sense in rejecting the argument that Mr. Kolman reasonably believed that agency officials were not authorized to view his website as part of their investigation. In short, the decision of the Board is supported by substantial evidence and is free of legal error. It is therefore affirmed.

Before NEWMAN, RADER, and SCHALL, Circuit Judges.